IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GARY CROUCH,

        Plaintiff,

v.                                                                                          No. 1:20-CV-988

ROBERTS ENTERPRISES
INVESTMENTS, INC. and
REI CATTLE COMPANY,

        Defendants.

### DEFENDANT ROBERTS ENTERPRISES INVESTMENTS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT FOR PERSONAL INJURY AND DAMAGES

For its Answer to Plaintiff's Complaint, Defendant Roberts Enterprises Investments, Inc. ("Defendant"), by and through its attorneys, the Eaton Law Office, P.C., (by James D. McAlister), state:

1.      The allegations contained in Paragraph 1 of the Complaint are admitted.

2.      Regarding the allegations contained in Paragraph 2 of the Complaint, Defendant states: it admits it is duly organized and existing Arizona corporation; it admits it transacted business in the State of New Mexico: it admits it does not have a designated agent for service of process in the State of New Mexico; it denies the address alleged therein is it's principal place of business; and, is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations and therefore denies same pending strict proof thereof.

3.      Regarding the allegations contained in Paragraph 3 of the Complaint, Defendant states: it admits that REI Cattle Company is registered in the State of Arizona; it admits it transacted business in the State of New Mexico: it admits it does not have a designated agent

for service of process in the State of New Mexico; it denies the address alleged therein is it's principal place of business; and, is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations and therefore denies same pending strict proof thereof.

4. Regarding the allegations contained in Paragraph 4, they purport to contain incomplete and inaccurate statements of law rather than factual allegations.  As such, no response is required.  If a response is deemed to be required, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein as to Defendant, and the same are therefore denied pending strict proof thereof.

5. Defendant denies that jurisdiction is proper in the state district court, as alleged in Paragraph 5 of the Complaint, as this matter has been removed to the U.S. District Court for the District of New Mexico.

6. Defendant denies that venue is proper in the state district court, as alleged in Paragraph 6 of the Complaint, as this matter has been removed to the U.S. District Court for the District of New Mexico.

7. Defendant denies that reliance on Rule 1-020 NMRA is proper as alleged in Paragraph 7 of the Complaint, as this matter has been removed to the U.S. District Court for the District of New Mexico.

8. The allegations of Paragraph 8 are admitted as to this Defendant.

9. The allegations of Paragraph 9 are admitted as to this Defendant.

10. Regarding the allegations of Paragraph 10, Defendant states: it admits that it hired Plaintiff to pick up cattle at a ranch near Portales, New Mexico on or about July 31, 2017; it

admits that it told Plaintiff where to take the cattle after picking them up; it admits it owned the trailer to be used to haul the cattle; it denies all remaining allegations therein.

11. Regarding the allegations of Paragraph 11, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein as to this Defendant, and the same are therefore denied pending strict proof thereof.

12. Defendant answers the allegations of paragraph 12 as more fully set out in the individual paragraphs contained in this Answer.

13. Regarding the allegations of Paragraph 13, Defendant states: it admits that it hired Plaintiff to pick up cattle at a ranch near Portales, New Mexico on or about July 31, 2017; it admits that it told Plaintiff where to take the cattle after picking them up; it admits it owned the tractor and trailer to be used to haul the cattle; it denies all remaining allegations therein.

14. The allegations of Paragraph 14 are denied.

15. Regarding the allegations of Paragraph 15, they purport to contain incomplete and inaccurate statements of law rather than factual allegations.  As such, no response is required.  If a response is deemed to be required, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein as to this Defendant, and the same are therefore denied pending strict proof thereof.

16. The allegations of Paragraph 16 are denied.

17. The allegations of Paragraph 17 are denied.

18. Defendant answers the allegations of paragraph 18 as more fully set out in the individual paragraphs contained in this Answer.

19. Regarding the allegations of Paragraph 19, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein as to this Defendant, and the same are therefore denied pending strict proof thereof.

20. Regarding the allegations of Paragraph 20, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein as to this Defendant, and the same are therefore denied pending strict proof thereof.

21. Regarding the allegations of Paragraph 21, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein as to this Defendant, and the same are therefore denied pending strict proof thereof.

22. Regarding the allegations of Paragraph 22, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein as to this Defendant, and the same are therefore denied pending strict proof thereof.

23. Regarding the allegations of Paragraph 23, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein as to this Defendant, and the same are therefore denied pending strict proof thereof.

24. Defendant answers the allegations of paragraph 24 as more fully set out in the individual paragraphs contained in this Answer.

25. The allegations of Paragraph 25 are denied.

26. Defendant answers the allegations of paragraph 26 as more fully set out in the individual paragraphs contained in this Answer.

27. The allegations of Paragraph 26 are denied.

28. The allegations of Paragraph V. Conclusion are denied.

29. Any allegation not specifically admitted is denied

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

If the evidence supports the affirmative defense of failure to mitigate, Defendant will assert that Plaintiff failed to mitigate his damages.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's injuries and damages were the result of conduct, omissions or negligence of a third person or party for whose conduct, omissions or negligence this Defendant may not be held accountable or responsible, and Plaintiff's recovery against this Defendant, if any, must accordingly be reduced.

### THIRD AFFIRMATIVE DEFENSE

If the Plaintiff was injured and damaged as alleged, which is specifically denied, then the injuries and damages resulted in whole or in part from Plaintiff's own negligence, and any recovery of damages by Plaintiff must be reduced according to his own percentage of fault for such injuries and damages.

### FOURTH AFFIRMATIVE DEFENSE

If Defendant was at fault, which is expressly denied, such fault must be compared with the fault of the Plaintiff and other persons or entities in accordance with the doctrine of comparative fault.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's damages were not proximately caused by any act or omission of this Defendant.

## SIXTH AFFIRMATIVE DEFENSE

In whole or in part, Plaintiff's medical treatment and expenses were not reasonable, or were not reasonably related to the accident at issue or to any conduct of this Defendant.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of laches, waiver and/or estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries and damages were the result of an independent intervening cause for which this Defendant cannot be held liable.

Defendant does not know at this time which, if any, additional defenses may apply in this matter. Defendant reserves the right to raise additional affirmative defenses as they become known or apparent.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole, or in part by the New Mexico Workers' Compensation Act §52-1-1 NMSA 1978 et seq., including but not limited to, the Exclusivity Provision.

WHEREFORE, having answered, Defendant respectfully requests that Plaintiff's Complaint be dismissed, for Defendant's costs, and for such other and further relief as the Court deems just and proper.

**DEFENDANTS RESPECTFULLY REQUEST A TRIAL BY JURY.**

EATON LAW OFFICE, P.C.

By */s/ James D. McAlister*
    JAMES D. McALISTER
    JAMES P. BARRETT
    Attorneys for Defendant Roberts Enterprises
    Investments, Inc.
    P. O. Box 25305
    Albuquerque, New Mexico 87125
    Telephone: (505) 243-1486
    Facsimile: (505) 842-0485

**CERTIFICATE OF SERVICE**

I hereby certify that I caused a copy of the foregoing pleading to be electronically filed via the Court's CM/ECF system and served via email to all counsel of record this 25th day of September 2020,

*/s/ James D. McAlister*
JAMES D. McALISTER