IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GARY CROUCH,

     **Plaintiff,**

v.                                                                                              **No. 20-cv-0988 SMV/CG**

ROBERTS ENTERPRISES INVESTMENTS, INC.
and REI CATTLE COMPANY,

     **Defendants.**

## MEMORANDUM OPINION AND ORDER
## GRANTING IN PART PLAINTIFF'S MOTION TO REMAND

THIS MATTER is before the Court on Plaintiff's Motion to Remand [Doc. 16], filed on

October 26, 2020. Defendant Roberts Enterprises Investments, Inc. ("Defendant")[1] responded on

November 9, 2020. [Doc. 17]. Plaintiff replied on November 23, 2020. [Doc. 20]. The parties

consented to my presiding over this matter and entering final judgment. [Doc. 15]. The Court has

considered the briefing, the relevant portions of the record, and the relevant law. Being otherwise

fully advised in the premises, the Court finds that the Motion is well taken and will be GRANTED

IN PART; the case will be remanded, but no attorney fees will be granted. It is undisputed that

Defendant's Notice of Removal was untimely. The only dispute is whether the Court should grant

an equitable exception to the removal period deadline because Plaintiff agreed to allow additional

time for Defendant to "answer" the Complaint. The Court will not grant an equitable exception to

the removal period in this case. First, Plaintiff's agreement to extend the deadline to "answer" did

---

[1] Because Defendant REI Cattle Company did not file a response, this Memorandum Opinion and Order refers to Defendant Roberts Enterprises Investments, Inc. as "Defendant" for simplicity.

not include an extension of time to file a notice of removal because the two deadlines are not interchangeable.[2] Second, the case Defendant relies upon to impose a heightened duty on Plaintiff's counsel is distinguishable from the facts of this case. Third, the presence or absence of counsel, under the circumstances of this case, is not relevant to when the 30-day removal period begins. Finally, the Court will not grant attorney fees because it finds that Defendant was not objectively unreasonable in filing its Notice of Removal.

## **Background**

Plaintiff filed his Complaint in New Mexico state court on July 17, 2020. [Doc. 1] at 6. Plaintiff served the Complaint on the New Mexico Secretary of State, and Defendant received it no later than August 10, 2020. *Id.* at 1. Defendant "immediately submitted a copy of the Complaint to its local insurance agent." *Id.* The agent did not submit the Complaint to Defendant's insurance carrier until "about September 8, 2020." *Id.* at 2. Defendant's deadline to answer in state court was September 9, 2020. *See* Rule 1-012(A) NMRA. Defendant's insurance agent contacted Plaintiff's counsel by phone on September 9, 2020, to request an extension of time to answer. [Doc. 1] at 2. Plaintiff's counsel agreed to an extension by phone and memorialized the agreement via email: "Plaintiff[] ha[s] agreed to allow Defendants until September 25, 2020[,] to file an answer in the above-referenced case pending in Santa Fe County, New Mexico." [Doc. 16-1] at 2. On September 25, 2020, Defendant filed a Notice of Removal in federal court. [Doc. 1].

---

[2] As a technical matter, agreements to extend removal deadlines are not enforceable, but a plaintiff may waive the deadline or be estopped, in certain circumstances, from objecting to a defendant's untimeliness. *Zamora v. Progressive N. Ins. Co.*, No. 15-0118, 2015 WL 13389920, at *3–4 (D.N.M. Oct. 21, 2015).

## Removal to Federal Court

To remove a case from state court to federal court, a defendant must file a notice of removal within 30 days of service. 28 U.S.C. § 1446(b). The 30-day "removal period does not begin until the defendant is able 'to intelligently ascertain removability so that in his petition for removal he can make a simple and short statement of the facts,'" or until the defendant has "unequivocal" notice of removability. *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1078 (10th Cir. 1999) (quoting *DeBry v. Transamerica Corp.*, 601 F.2d 480, 489 (10th Cir. 1979)). However, because federal courts are courts of limited jurisdiction, "[r]emoval statutes are to be strictly construed, and all doubts are to be resolved against removal." *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982) (citations omitted). Agreements to extend removal deadlines are not enforceable, but a plaintiff may waive the deadline or be estopped, in certain circumstances, from objecting to a defendant's untimeliness. *Zamora v. Progressive N. Ins. Co.*, No. 15-0118, 2015 WL 13389920, at *3–4 (D.N.M. Oct. 21, 2015) ("[A defendant] bears the burden to show either that the removal is timely or that the facts warrant the equitable estoppel of strict application of the removal deadline."). *See also Staples v. Joseph Morton Co.*, 444 F. Supp. 1312, 1313–14 (E.D.N.Y. 1978); *Wise Co. v. Daily Bread, LLC*, No. 11-0868, 2012 WL 681789 (D. Utah Feb. 29, 2012); *Farfan v. Quality Pontiac-GMC-Buick, Inc.*, No. 05-0952, 2005 WL 8163390 (D.N.M. Nov. 8, 2005). Although the Tenth Circuit has not officially adopted the equitable exception to the 30-day rule, this Court assumes, for the sake of argument, that it would. *But see Ambler v. CorMedia LLC*, No. 13-2185, 2013 WL 3243497, at *3 (D. Kan. June 26, 2013) ("[T]he Tenth Circuit has never adopted the exceptional circumstances doctrine in removal[,] and we have some considerable doubts that it would do so.").

**A.      Defendant's Notice of Removal Was Not Timely Filed.**

Defendant does not dispute that its Notice of Removal was not timely filed. Defendant

received a copy of the Complaint no later than August 10, 2020. [Doc. 1] at 6. Thus, Defendant's

deadline to remove the case to federal court was September 9, 2020. *See* § 1446(b). Defendant

filed its Notice of Removal in this case on September 25, 2020, [Doc. 1], which was 16 days after

the expiration of the 30-day removal period, thus making removal untimely. The only dispute is

whether this Court should grant an equitable exception to the 30-day deadline—whether Plaintiff

waived the ability to enforce, or is estopped from enforcing, the deadline by his conduct. *See*

[Docs. 16, 17, 20]. This Court finds that, assuming the equitable exception were recognized in the

Tenth Circuit, equity would not estop Plaintiff from prevailing on his Motion to Remand in this

case.

**B.      Plaintiff's Agreement Did Not Include an Extension of Time to File a Notice of
            Removal.**

The deadline to file an answer in state court and the deadline to file a notice of removal in

federal court do not necessarily co-occur. Defendant contends that Plaintiff's agreement to an

extension of the deadline to file an "answer" in state court would clearly allow it to file a "Motion

to Dismiss" and thus should be interpreted to include an extension of the deadline to file a notice

of removal in federal court.[3] *See* [Doc. 17] at 3, 8. However, the deadline to answer or otherwise

respond to a complaint in a New Mexico state court is governed by the New Mexico Rules of Civil

Procedure. *See* Rule 1-012. By contrast, the deadline to file a notice of removal in federal court is

governed by federal statute. *See* § 1446(b). The two deadlines are not governed by the same legal

---

[3] Although such an agreement would not be enforceable, it would be evidence that Plaintiff waived the removal period
or should be estopped from objecting to Defendant's untimeliness. *See Zamora*, 2015 WL 13389920, at *3–4.

authority, nor do the deadlines necessarily co-occur. The deadline to answer in state court is triggered by "service of the summons and complaint." Rule 1-012(A). By contrast, the notice of removal deadline is not triggered until a defendant has "unequivocal" notice that the case is removable. *Huffman*, 194 F.3d at 1078. Unequivocal notice of removability may not occur until after a complaint and response have been filed in state court, such as when "an amended pleading, motion, order[,] or other paper" makes a previously unremovable case removable. § 1446(b)(3). Thus, this Court finds that Plaintiff's agreement to extend Defendant's time to file an answer in state court will not be interpreted to include an extension of the removal period because the two deadlines are not interchangeable. Moreover, Rule 1-012 contemplates that various motions might be filed instead of a document entitled "Answer." Thus, Defendant's argument that Plaintiff's position would preclude Defendant from filing a "Motion to Dismiss" in state court, [Doc. 17] at 8, is not persuasive. An agreement to extend a deadline to answer reasonably includes other filings allowed under Rule 1-012.

**C.      Equitable Considerations Do Not Weigh in Favor of Allowing this Case to Remain in Federal Court.**

Defendant further contends that this Court should deny the Motion to Remand because the equitable considerations that applied in *Farfan* apply to this case, particularly because Plaintiff's counsel discussed the deadline extension with a non-attorney insurance agent who was not a party to the litigation. [Doc. 17] at 1–2, 8–10. In *Farfan*, where the plaintiff's counsel discussed a deadline extension with a non-attorney insurance adjuster, the court denied the plaintiff's motion to remand because equity warranted an extension of the removal period. 2005 WL 8163390, at *2 (explaining that "factors such as the plaintiff's behavior, the fairness to the defendant . . . and the systemic interest in efficiency and respect for the state courts" warranted an equitable exception

to the removal period). This Court notes that it is not bound by the unpublished decision in *Farfan*; but even so, the case is distinguishable.

First, unlike in this case, the attorney in *Farfan* had reason to know that the non-attorney adjuster reasonably thought that the agreement put the entire case on hold. In *Farfan*, plaintiff's counsel and the insurance adjuster spent months attempting to negotiate a settlement on their own. *Id.* at \*1. Plaintiff's counsel, in efforts to further settlement negotiations, agreed to an indefinite extension of certain deadlines, "the exact terms of which [were] unclear." *Id.* at \*2. The attorney was aware that the adjuster did not plan to involve counsel in the case unless they were unable to reach a settlement. *Id.* at \*1–2. Under those circumstances, the attorney should have known that the adjuster reasonably believed that the attorney agreed to extend all deadlines in the case while settlement negotiations were ongoing. In this case, there were no such settlement negotiations. Rather, Defendant immediately submitted the Complaint to its local insurance agent, and the agent—although not an attorney, also not an unsophisticated, "legally naïve person"[4]—waited nearly a full month before forwarding the Complaint to the insurance carrier. [Doc. 1] at 1–2. Indeed, when the agent contacted Plaintiff's counsel on September 9, 2020, to ask for an extension, the insurance carrier—a sophisticated, "legally experienced insurance company"[5]—was already involved in the case. *See* [Doc. 1] at 2 (stating that the insurance carrier received the Complaint from the agent on September 8, 2020).

Second, unlike in *Farfan*, the non-attorney agent in this case has not testified that she understood the agreement to include an extension of all deadlines. Defendant's argument *implies*

---

[4] [Doc. 17] at 3.
[5] *Id.*

that the agent was confused about the meaning of the agreement, but Defendant offers no testimony from the agent herself to support this argument. *Compare* 2005 WL 8163390, at \*1 (explaining that non-attorney "stated his understanding" of the agreement to the court when no written evidence of the agreement existed), *with* [Doc. 16-1] at 2 (email memorializing agreement to extend time to "answer"); [Docs. 1, 17] (containing no statement from non-attorney insurance agent).

Third, in *Farfan*, issues of comity were less weighty because the case involved federal questions. 2005 WL 8163390, at \*1. However, this case involves issues of state law and is in federal court based solely on diversity jurisdiction. [Doc. 1] at 4. Thus, although nothing substantive occurred in state court to raise efficiency concerns in this case, principles of comity suggest that this case should be remanded to state court. Accordingly, many of the concerns in *Farfan* are not applicable here, and this Court declines to find that equity should allow this case to remain in federal court when the Notice of Removal was untimely filed.

**D.      The Removal Period Is Not Tolled for a Defendant to Hire Counsel.**

Defendant contends that the clock should not begin until September 17, 2020, the date on which it retained outside counsel. [Doc. 1] at 2–3; [Doc. 17] at 6–7 (both citing *Farfan*, 2005 WL 8163390). Again relying on *Farfan*, Defendant argues that it was unable to *subjectively* "intelligently ascertain removability" until defense counsel was retained through its insurance carrier. [Doc. 1] at 3. To accept this argument would negate the statutory deadline. The Tenth Circuit does require that a defendant be able to "intelligently ascertain removability" with "unequivocal" notice, but the standard is *objective*. *Huffman*, 194 F.3d at 1078. The "intelligently ascertain removability" standard does not reference when the defendant retained counsel and thus

could subjectively ascertain removability, but rather when, from the face of the complaint, a

defendant is objectively on notice that the case was removable. *See id.* In this case, the allegations

in the Complaint provided unequivocal notice, at the time it was filed, that the case was removable

based on diversity jurisdiction. *See* [Doc. 1] at 6–13. The Complaint seeks punitive damages and

alleges that Plaintiff suffered serious physical injuries, including a crushed hip and a broken femur,

when he was trampled by cattle. *Id.* at 8, 12. When allegations of such serious injuries were coupled

with the request for punitive damages, the amount in controversy clearly exceeded $75,000. *Id.*

The Complaint also states that Plaintiff was a resident of Texas and Defendant was an Arizona

corporation with its principal place of business in Arizona.[6] *Id.* at 6. Thus, diversity of citizenship

was evident from the face of the Complaint at the time it was filed.

Defendant's position that the removal period should not begin until it retained counsel

would make the statutory deadline meaningless. As discussed above, Defendant's insurance agent

held onto the Complaint for nearly a month before forwarding it to the carrier. *Id.* at 1–2. Neither

the federal removal statute nor *Farfan* contemplates an indefinite suspension of the removal period

when an insurance agent fails to submit a complaint to the carrier in a timely fashion. Accordingly,

the Court will strictly construe the removal statute, resolve all doubts in favor of remand, and grant

Plaintiff's Motion to Remand. *See Fajen*, 683 F.2d at 333.[7]

---

[6] The Complaint also states that Defendant REI Cattle Company was an Arizona corporation with its principal place of business in Arizona. [Doc. 1] at 7.

[7] On September 28, 2020, Defendant REI Cattle Company filed a Notice of Consent for Removal. [Doc. 6]. Because the Court will grant the Motion to Remand [Doc. 16] and find the Notice of Removal [Doc. 1] untimely, it need not address the issue of whether Defendant REI Cattle Company's consent was timely.

## Attorney Fees

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). The Tenth Circuit "has held that the fee award is discretionary . . . and that no showing of bad faith" is needed to warrant an award for attorney fees under § 1447(c). *Suder v. Blue Circle, Inc.*, 116 F.3d 1351, 1352 (10th Cir. 1997) (citation omitted). Timeliness is "precisely the type of removal defect contemplated by § 1447(c). If objectively unreasonable, an untimely removal may give rise to an award of fees and costs under § 1447(c)." *Garrett v. Cook*, 652 F.3d 1249, 1254 (10th Cir. 2011) (quotation and citations omitted).

The Court finds that it was not objectively unreasonable for Defendant to believe that its untimely Notice of Removal would be permitted because the 30-day deadline is not jurisdictional and can be waived. *See Zamora*, 2015 WL 13389920, at *3–4. Moreover, based on the relevant district court caselaw, Defendant was not objectively unreasonable to believe that an equitable exception to the 30-day removal period might apply in this case. *See Staples*, 444 F. Supp. at 1313–14; *Wise Co.*, 2012 WL 681789; *Farfan*, 2005 WL 8163390. Therefore, the Court concludes that the removal was not objectively unreasonable and declines to award attorney fees.

9

## Conclusion

The Court concludes that the notice of removal was untimely pursuant to § 1446(b). Therefore, the Court will remand this case back to state court pursuant to § 1447(c). The Court will deny Plaintiff's request for attorney fees, as the removal was not objectively unreasonable.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion to Remand [Doc. 16] is hereby **GRANTED IN PART** for the reasons described in this Memorandum Opinion and Order.

**IT IS FURTHER ORDERED** that this action is **REMANDED** to the First Judicial District Court, Santa Fe County, State of New Mexico. The Clerk of Court is hereby directed to take the necessary actions to remand the case.

**IT IS FURTHER ORDERED** that Plaintiff's request for attorney fees is **DENIED**.

**IT IS SO ORDERED.**

_____

**STEPHAN M. VIDMAR**
**United States Magistrate Judge**
**Presiding by Consent**